# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BLAKE AND JENNIFER JAEGER,
et al.,

        Plaintiffs,

                Case No. 08-MC-201-CM-GLR

v.

                Relating to an action pending in
                the United States District Court
LEAVEN INSURANCE CO., LTD.,        for the District of Montana
                Case No.: CV-07-144-BLG-RFC

        Defendant.

## **MEMORANDUM AND ORDER**

      Pending before the Court is the Motion for Protective Order and/or Motion to Quash (doc. 1) filed by non-parties Sisters of Charity of Leavenworth Health Systems, Inc. ("Sisters of Charity") and Mr. Neil Buckley.  This matter arises from the December 20, 2007 issuance of a subpoena *duces tecum* from this District to Neil Buckley, an employee of the Sisters of Charity.  Plaintiffs commenced the underlying action in the United States District Court for the District of Montana seeking a determination that Defendant Leaven Insurance Co. is subject to the requirements of the Montana Unfair Trade Practices Act.  In the present motion, movants Sisters of Charity and Mr. Buckley ask the Court for a protective order pursuant to Fed. R. Civ. P. 26(c) against Plaintiffs' subpoena request for documents.  They alternatively request, pursuant to Fed. R. Civ. P. 45(c)(3)(A), the Court's order quashing Plaintiffs' subpoena *duces tecum* dated December 20, 20007.  No party has filed any response in opposition to this motion.

      Movants state in their motion they do not object to the deposition going forward and that Mr. Buckley will appear as scheduled on January 17, 2008.  They do object, however, concerning the documents requested in the subpoena duces tecum. They contend the document categories are

exceedingly broad and overreaching, and seek information wholly unrelated to the declaratory judgement action. Further, the requests seek documents protected by attorney-client privilege and the work product doctrine, as well as highly confidential and proprietary business documentation.

Fed. R. Civ. P. 45 governs motions to quash subpoenas. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena."[1] Section (c)(3)(A) of the Rule provides that, on timely motion, the issuing court must quash or modify a subpoena that:

> (i) fails to allow reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person --- except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (v) subjects a person to undue burden.[2]

The subpoena served on movants commands the production of the following documents:

> 1) All documents evidencing the scope of your role regarding Leaven Insurance Company; 2) All documents evidencing any communications between you and Leaven Insurance Company, or anyone on its behalf; and 3) All documents relating to Leaven Insurance Company, including bank statements, minutes, memoranda, corporate meeting minutes and journals.

The Court finds that the requests contained in the subpoena *duces tecum* are overly broad and subject movants to an undue burden. The Court will, therefore, sustain in part the motion to quash as to the requests contained in subpoena *duces tecum* pursuant to Rule 45(c)(3)(iv). The motion is otherwise overruled as moot as movants do not object to producing Mr. Buckley for

---

[1] Fed. R. Civ. P. 45(c)(1).

[2] Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

deposition on January 17, 2008. Because that date has since passed, the Court finds this portion of the motion to be moot.

**IT IS THEREFORE ORDERED THAT** the Sisters of Charity and Neil Buckley's Motion for Protective Order and/or Motion to Quash (doc. 1) is sustained in part and overruled as moot in part. Plaintiffs' subpoena *duces tecum* issued to Neil Buckley and the Sisters of Charity of Leavenworth Health System dated December 20, 2007 is hereby quashed to the extent it commands production of documents. The motion is otherwise overruled as moot.

Dated in Kansas City, Kansas on this 14th day of February, 2008.

S/ Gerald L. Rushfelt

Gerald L. Rushfelt
United States Magistrate Judge